UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORVAUGHN M. LUCAS,

                Plaintiff,

v.                                                  Case No. 19-cv-1779-pp

MILWAUKEE COUNTY JAIL,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

      Plaintiff Georvaughn M. Lucas, a former inmate at the Milwaukee County Jail who is representing himself, filed a complaint alleging that the defendant violated his civil rights under 42 U.S.C. §1983. Dkt. No. 1. This order resolves the plaintiff's motion to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1.

**I.**     **Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Generally, once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id. Because the plaintiff was released from incarceration on February 11, 2020, see dkt. no. 8, he no

1

longer has a prisoner trust account. However, he still has the obligation to pay the balance of the $350 filing fee over time.

On December 6, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $32.20 by December 30, 2019. Dkt. No. 5. The deadline came and went without the court receiving the fee, and the court issued an order giving the plaintiff an opportunity to pay the initial partial filing fee by February 27, 2020. Dkt. No. 9. On February 25, 2020, the court received the initial partial filing fee. The court grants the plaintiff's motion for leave to proceed without prepaying the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

　　A.　　Federal Screening Standard

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include

2

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Allegations in the Complaint

The plaintiff alleges that in August 2018, while he was in custody and placed on a housing unit, the defendant, whom he identifies as the Milwaukee County Jail, showed negligence and refused to give him a different change of clothes for twelve days. Dkt. No. 1 at ¶¶2-3. He says that this led him to have a "fungal rash on [his] lower abdomen leading to [his] pubic area." Id. at ¶2.

C. Analysis

The only defendant the plaintiff names in the complaint is the Milwaukee County Jail. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." Hildebrant v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must name as defendants the individual people at the jail who he believes violated his constitutional rights.

Section 1983 also allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Jail is not a person. Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the legal capacity to be sued. State law determines an entity's capacity to be sued. Webb v. Franklin County Jail, No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Milwaukee County Jail "is not a legal entity separable from the county government which it serves," and cannot be sued under §1983. Whiting v. Marathon Cty. Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004).

The complaint fails to state a claim for which this court can grant relief because the plaintiff has sued the wrong defendant. The court will give the plaintiff an opportunity to file an amended complaint to name the individual jail staff who refused to give him a change of clothes. The amended complaint must provide the court with enough facts to answer the following questions: 1) Who (what individuals) violated his constitutional rights?; 2) How did each

4

individual violate his rights?; 3) Where did each individual violate his rights?; and 4) When did each individual violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each individual defendant with notice of what each defendant allegedly did to violate the plaintiff's rights. If the plaintiff does not know the names of the defendants who alleged violated his rights, he may identify them as "John Doe" or "Jane Doe," along with some details to help identify them: "John Doe corrections officer who worked in Pod B, section 1 second shift," or "Jane Doe lieutenant, Black woman, in charge of Pod B," for example. If the plaintiff files an amended complaint and the court allows him to proceed on the claims in that amended complaint, the plaintiff will have an opportunity to use discovery to learn the identities of the Doe defendants.

The amended complaint also should explain whether, at the time of the events he describes, the plaintiff was a pretrial detainee at the Milwaukee County Jail (in the jail awaiting trial) or a convicted inmate. This matters, because some allegations involve different constitutional amendments and standards if they are made by a pretrial detainee instead of a convicted prisoner.

The court is enclosing a copy of a blank complaint form and instructions. The plaintiff must write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and put the case number for this case—19-cv-1779—in the field for "Case Number." He must list all the defendants in the caption of the complaint. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to

bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough room on the lines on pages two and three, he may use up to two additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint and must be complete in itself. The plaintiff cannot simply say, "Look at my first complaint for further information." See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **November 27, 2020**. the plaintiff files an amended complaint in time for the court to receive it by the above deadline, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the deadline, the court will dismiss the case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff must pay the remaining **$317.80** balance of the filing fee by sending payments to the Clerk of Court when he is able.

6

The court will include a guide titled "Answers to Prisoner Litigants' Common Questions," which contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 27th day of October, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

7

Case 2:19-cv-01779-PP   Filed 10/27/20   Page 7 of 7   Document 10