GEORVAUGHN M. LUCAS

                        Plaintiff,

    v.                                                          Case No. 19-cv-1779-pp

C.O. BARTLES, C.O. DAVIS,
C.O. COOPER, JANE DOE,
C.O. SANDERS, and LT. MILICACCA,

                        Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 11)**

      Plaintiff Georvaughn M. Lucas, representing himself, filed a complaint alleging that the Milwaukee County Jail violated his civil rights under 42 U.S.C. §1983. Dkt. No. 1. On October 27, 2020, the court screened the complaint and determined that the plaintiff had sued the wrong defendant. Dkt. No. 10 at 4. The court gave the plaintiff an opportunity to file an amended complaint by the end of the day November 27, 2020, to name the individual jail staff who refused to give him a change of clothes. Id. The court received the amended complaint on November 30, 2020. Dkt. No. 11. This order screens the amended complaint.

**I.    Screening the Amended Complaint**

    A.    <u>Federal Screening Standard</u>

      Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or

1

officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793,

2

798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

  B. Allegations in the Complaint

  The plaintiff alleges that on August 22, August 24, August 29, and August 31, 2018, while he was a pretrial detainee at the Milwaukee County Jail, defendants C.O. Bartels and C.O Davis "refused [him] a clean change of clothing [or] threw out [his] unit laundry." Dkt. No. 11 at 2-3. The plaintiff states the defendants refused him a change of clothes on those days because they either did not have his size or because he could wait "until next time" Id. at 2.

  The plaintiff alleges that when he told defendants C.O. Cooper, C.O. Sanders and a Jane Doe defendant he identifies as "Ms. B." about the incident and referenced that he was getting a rash, they claimed that the laundry was closed or that they could not find any clothing. Id.

  The plaintiff alleges that defendant Lt. Milicacca did not "go by any proper grounds of investigation," "refused" the plaintiff's complaints, "considered them resolved" and "took no effort to respond" to them, even though they should have been taken care of in fourteen days. Id. at 3. The plaintiff says that he submitted his complaints on grievance forms on August

3

30, 2018 at 7:50 p.m. "and have copies of complaints threw out." Id.

The plaintiff states he suffered humiliation and "pain and itching in my lower region, including a rash." Id. He asks for monetary damages and for "the jail [to be] reviewed for all law violations that are done under the table." Id. at 4.

    C.    Analysis

The plaintiff claims that the defendants violated his constitutional rights when he was denied clean clothing. Because the plaintiff was a pretrial detainee at the time, the court assesses his claims under the Fourteenth Amendment. Hardeman v. Curran, 933 F.3d 816, 823 (7th Cir. 2019). Conditions of confinement, such as having to remain in soiled clothes for several days, can violate the Fourteenth Amendment if they are "objectively unreasonable and 'excessive in relation to' any legitimate non-punitive purpose." Id. at 824 (quoting Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015)). Courts must consider "the severity and duration" of the conditions a plaintiff experiences to determine a constitutional violation. Id.

At this stage, the plaintiff may proceed on a conditions of confinement claim against C.O. Bartels, C.O. Davis, C.O. Cooper, C.O. Sanders and Jane Doe "Ms. B." He alleges that they refused him clean clothes several times over a ten-day period, resulting in a painful and itchy rash near his groin. Dkt. No. 11 at 2-3. Once the court issues a scheduling order, the plaintiff will have the opportunity to ask the lawyers for the named defendants for information

4

Case 2:19-cv-01779-PP    Filed 01/06/21    Page 4 of 7    Document 12

about the identity of "Ms. B."

The plaintiff also may proceed on a claim against defendant Lt. Milicacca. Lt. Milicacca allegedly handled the plaintiff's grievances about the lack of clean clothing. Dkt. No. 11 at 3. While simply denying grievances is not enough to state a constitutional violation, see Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) (citing George v. Smith, 507, F.3d 605, 609 (7th Cir. 2007)), a complaint examiner violates the Constitution when he handles complaints or grievances with deliberate indifference, such as destroying a grievance without reading it. See Burks v. Raemisch, 555 F.3d 592 (7th Cir. 2009). The plaintiff alleges that Lt. Milicacca did not investigate, refused the complaints and did not respond. That amounts to an allegation that Milicacca was not doing his job, leaving the plaintiff "to face risks that could be averted by faithful implementation of the grievance machinery." Id. at 595.

## II.    Conclusion

Under an informal service agreement between Milwaukee County and this court, a copy of the amended complaint and this order have been electronically transmitted to Milwaukee County for service on defendants Bartels, Davis, Cooper, Sanders and Milicacca. The court **ORDERS** those defendants to file a responsive pleading to the amended complaint within 60 days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery

and filing dispositive motions. After the court enters a scheduling order, the plaintiff may make discovery requests (written questions or requests for documents) on the named defendants to identify the real name of Jane Doe "Ms. B." Once he knows the real name of "Ms. B," he should file a motion identifying "Ms. B" and asking the court to replace the Jane Doe placeholder with "Ms. B's" real name. Again, the plaintiff should not serve any discovery requests upon the named defendants until *after* the court issues the scheduling order.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he moves or changes his address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 6th day of January, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**