UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORVAUGHN M. LUCAS,

                Plaintiff,

v.                                      Case No. 19-cv-1779-pp

DANIEL BARTELS, TEQULIA DAVIS,
JANISE COOPER, JANE DOE, sued as Ms. B,
REESHEDA SANDERS, and GREGG MILIACCA,

                Defendants.

## ORDER DISMISSING DEFENDANT JANE DOE, GRANTING NAMED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 22) AND DISMISSING CASE WITHOUT PREJUDICE

      Plaintiff Georvaughn M. Lucas filed an amended complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983 when he was confined at the Milwaukee County Jail. Dkt. No. 11. On March 1, 2021, the court entered a scheduling order directing the plaintiff to identify defendant Jane Doe by May 17, 2021 and warning the plaintiff that if he did not do so, the court could dismiss her from the case. Dkt. No. 19 at 2. The plaintiff has not identified the Jane Doe defendant and the court will dismiss that defendant.

      Defendants Bartels, Cooper, Davis, Miliacca and Sanders (the named defendants) have filed a motion for summary judgment and supporting documents, asserting that the plaintiff failed to exhaust his administrative remedies. Dkt. Nos. 22-28. On May 10, 2021, the court ordered the plaintiff to

1

file his response to the motion in time for the court to receive it by June 7, 2021. Dkt. No. 30. The court advised the plaintiff that if it did not receive his response by June 7, 2021, the court had the authority to treat the motion as unopposed, accept all the defendants' facts as undisputed and decide the motion without any input from the plaintiff. Id. at 2.

The June 7, 2021 deadline has passed, and the plaintiff has not filed a response to the named defendants' motion for summary judgment. The court will treat the named defendants' summary judgment motion as unopposed, accept the defendants' facts as undisputed and decide the motion without a response from the plaintiff.

The plaintiff alleged that defendants Bartels and Davis refused him a clean change of clothing on several laundry days, saying that they did not have his size or that he could wait until next time. Dkt. No. 11 at 2. He alleged that when he told them of this and referred to getting a rash, defendants Cooper, Sanders and Ms. B. claimed that the laundry was closed or that they couldn't find any clothing. Id. The plaintiff alleged that defendant Miliacca did not follow procedures or investigate, simply refusing his complaints, considering them resolved and failing to respond to his grievances. Id. at 3.

The defendants' unopposed proposed findings of fact indicate that the defendant was booked into the jail on August 16, 2018. Dkt. No. 24 at ¶1. When a person is booked into the jail, he or she receives an inmate handbook. Id. at ¶11. The handbook also was posted on the wall of each housing unit. Id.

at ¶13. There was also a video that played on a continuous loop in the booking room at the jail, explaining the grievance process. Id. at ¶14.

Similarly, persons booked into the Milwaukee County House of Correction receive a copy of the HOC inmate handbook during booking. Id. at ¶¶31-32. And each housing unit at the HOC had the inmate handbook posted on the wall of the unit. Id. at ¶33.

The defendants affirm that on August 30, 2018, the plaintiff filed a grievance at the Milwaukee County Jail, alleging that he did not receive clean clothing for twelve days. Id. at ¶36. Two days later, however, on September 1, 2018, the plaintiff was transferred from the jail to the HOC. Id. at ¶38. The jail responded to the plaintiff's grievance on September 5, 2018 (finding it unfounded because the plaintiff not longer was at the jail), but the defendants concede it is not clear whether this response followed the plaintiff to the HOC. Id. at ¶39. The plaintiff filed another grievance on November 1, 2018—asking for a response to the August 2018 grievance—but he filed it with the HOC, rather than the jail. Id. at ¶40. Defendant Miliacca—who worked at the HOC, id. at ¶25—sent a grievance response to the jail, trying to obtain the jail's response to the plaintiff's August 2018 grievance. Id. at ¶41. By December 8, 2018, Miliacca had not received a response from the jail. Id. at ¶42.

A few days later, on December 8, 2018, the plaintiff filed another grievance with the HOC, relating to his August 2018 Milwaukee County Jail grievance. Id. at ¶43. The next day, Miliacca sent another grievance response request to the jail. Id. at ¶44. On December 10, 2018, a Lt. Montano responded

3

to Miliacca, explaining that the jail's response to the plaintiff's 2018 grievance had not followed the plaintiff to the HOC because the plaintiff had been released from the jail's custody, but that Montano had investigated and discovered that the plaintiff had had linen exchanges on August 17, 22, 24, 29 and 31, 2018, before being transferred to the HOC on September 1, 2018. Id. at ¶45. Miliacca provided this response to the plaintiff on December 11, 2018 (in response to his November 1, 2018 grievance). Id. at ¶46.

A week later, on December 18, 2018, the plaintiff filed another grievance with the HOC about his August 2018 grievance; this time, he asked for additional investigation and review of surveillance camera footage to prove that he did not get clean clothes. Id. at ¶48. On January 2, 2019, Miliacca responded, telling the plaintiff that under the HOC grievance policy, the plaintiff needed to file any grievance within fourteen days of the event that had given rise to the grievance. Id. at ¶49. Miliacca reminded the plaintiff that the plaintiff had arrived at the HOC on September 1, 2018—over three months earlier. Id.

On January 6, 2019, the plaintiff filed yet another grievance at the HOC relating to the August 2018 grievance, asking for a "justified reason" for the jail's alleged failure to give him clean clothing. Id. at ¶50. On January 11, 2019, Miliacca again gave the plaintiff Montano's response to the grievance. Id. at ¶51. The plaintiff did not appeal the responses from the jail or the HOC to his grievances. Id. at ¶52. Both the Milwaukee County Jail handbook (Dkt. No. 25-1 at 2-3) and the Milwaukee County House of Corrections handbook (Dkt.

4

No. 27-1 at 2) included appeal procedures. Both the jail procedure (Dkt. No. 25-1 at 3) and the HOC procedure (Dkt. No. 27-1 at 3) required incarcerated persons to appeal a grievance decision in writing within fourteen days of receiving the decision.

The plaintiff had administrative remedies available to him. While there was a delay in the plaintiff receiving the response to his August 30, 2018 jail grievance—Miliacca gave him the response on December 11, 2018—the plaintiff could have appealed that response within fourteen days. He did not. Nor did the plaintiff appeal the responses he received to his November 1, 2018, December 8, 2018, December 18, 2018 or January 6, 2019 HOC grievances. What the plaintiff *did* do was to file more grievances each time he either did not receive a response or received a response that displeased him. For an incarcerated person to "simply file[] more grievances in response to particular denials does not satisfy the prison's administrative requirements." Truly v. Sheahan, 135 Fed. App'x 869, 871 (7th Cir. 2005). Instead, the law requires that if the resolution of a grievance "is unsatisfactory [to the incarcerated person], [he] must exhaust available administrative appeals." Woodford v. Ngo, 548 U.S. 81, 105 (2006) (Justice Stevens, dissenting). The undisputed facts prove that the plaintiff did not appeal any of the responses to any of his grievances, and thus that he did not exhaust his administrative remedies before filing this lawsuit. The court must dismiss it.

The court **DISMISSES** defendant Jane Doe.

The court **GRANTS** the named defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 22. The court **DISMISSES** the case without prejudice. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 15th day of June, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**